**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JORGE TORRES-CASTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00910 |
| | § | |
| GABRIEL MARTINEZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On March 13, 2026, this Court ordered Respondents to provide Petitioner Jorge Torres-Castillo with a bond hearing at which the Government must demonstrate, by clear and convincing evidence, that Petitioner is a flight risk or a threat to the community. ECF No. 9. During a hearing held on April 28, 2026, the Court found that Petitioner's March 17 bond hearing violated Petitioner's due process rights and failed to comply with this Court's order. The bond hearing was insufficient because the Immigration Judge issued a decision at the morning bond hearing without the presence of Petitioner's counsel, and because Petitioner's counsel was unable to submit evidence in support of Petitioner's bond application due to the online portal being closed.

The Court's March 13 order required Respondents to provide a procedurally sufficient bond hearing "within five (5) days, or else release Petitioner." Because the March 17 hearing was insufficient, the appropriate remedy is release. "[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26- CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). In this case, Petitioner has been

1 / 3

deprived of his liberty in violation of the Due Process Clause for more than four months. Given the severity of this ongoing unconstitutional deprivation of liberty and the Immigration Judge's failure to adhere to this Courts prior order, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of ongoing deprivations of liberty. *See, e.g.*, *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26- CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours** under the terms of his prior release on recognizance.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours prior to his release** from custody.

3. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he

is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without notice and a hearing at which the government bears the burden of showing why such conditions are necessary

The Court further **ORDERS** that Respondents file an advisory with the Court on or before **May 1, 2026,** informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

Signed at Houston, Texas on April 28, 2026.

_____
Keith P. Ellison
United States District Judge